```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARMEN IVETTE SAGASTIVELSA-GARCIA,

                              Plaintiff,

                -v-

CAROLYN W. COLVIN,
    Acting Commissioner of Social Security,

                             Defendant.[1]
------------------------------------------------------------------------X

12 Civ. 9168 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

        Plaintiff Carmen Sagastivelsa-Garcia, proceeding *pro se*, brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), challenging a final decision of the Commissioner of Social Security (the "Commissioner") finding her ineligible for Supplemental Security Income ("SSI"). Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Commissioner moves, without opposition, for judgment on the pleadings. (Docket No. 13). For the reasons stated below, the motion is GRANTED.

## PROCEDURAL HISTORY

        The following background is derived from the administrative record, which the Commissioner filed with the Court pursuant to Title 42, United States Code, Section 405(g). (Transcript of the Administrative Record ("Tr.") (Docket No. 11)). Plaintiff first applied for SSI benefits on July 13, 2009 (*id.* 248-59), reporting April 1, 2009, as the onset date for her disability

---

[1]     On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as Defendant. The Clerk of Court is directed to modify the caption accordingly.

(*id.* 253, 283).  She claimed that she was entitled to receive SSI benefits because of a disability of degenerative disc disease of lumbar spine, depressive disorder with psychosis, and asthma. (*Id.* 283).  The Social Security Administration ("SSA") denied the application.  (*Id.* 60-64). Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id.* 67-68).  On June 14, 2011, Plaintiff and her attorney appeared before the ALJ for the hearing.  (*Id.* 23).  On August 23, 2011, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act.  (*Id.* 23-32).  The Appeals Council denied Plaintiff's request for review on November 30, 2012, thus rendering the ALJ's decision final.  (*Id.* 1-8).  Plaintiff subsequently sought review in this Court.

## DISCUSSION

An ALJ determines whether an applicant is disabled using a five-step, sequential inquiry that considers whether the applicant (1) is "doing substantial gainful activity"; (2) has a "severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 404.1509, or a combination of impairments" that does so; (3) has an "impairment(s) that meets or equals one of [the] listings in appendix 1 of [§ 404.1520]"; (4) is still able to "do . . . past relevant work" depending on an "assessment of [the applicant's] residual functional capacity . . . and past relevant work"; and (5) whether the applicant can "make an adjustment to other work" depending on an "assessment of [the applicant's] residual functional capacity . . . , age, education, and work experience."  20 C.F.R. § 404.1520(a)(4).  Judicial review of a decision by the Commissioner is limited.  In particular, a court may set aside a final decision only if the Commissioner's findings are not supported by "substantial evidence" or the decision was based on legal error.  *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010); *accord Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000).  Neither is the case here.

First, the ALJ properly applied the five-step sequential evaluation process in determining that Plaintiff is not disabled within the meaning of the Act.  Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since July 13, 2009, the date of her application, and that she had two severe impairments — degenerative disc disease of lumbar spine as well as depressive disorder — pursuant to 20 C.F.R. § 416.920(c).  (Tr. 25).  At the third step of the inquiry, the ALJ determined that Plaintiff's impairments did not "meet or medically equal" any of the listings in appendix 1 of Section 404.1520.  (*Id.* 26-27).  Proceeding to the fourth step, therefore, the ALJ determined that Plaintiff was able to perform sedentary work that did not involve either exposure to "excessive smoke, dust, or other known respiratory irritants" or "detailed and complex work requiring constant contact with others and the general public." (*Id.* 27).  The ALJ found that Plaintiff was not able to perform her past relevant work as a cashier because that "type of work necessarily demands . . . constant contact with the general public" and that Plaintiff's "mental residual functional capacity would not allow her to still perform th[at] type of work."  (*Id.* 30-31).  The ALJ thus proceeded to the fifth and final step of the inquiry, finding — based on the Medical-Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 — that, in view of Plaintiff's age, education, work experience, and residual functional capacity, there were a significant number of jobs available in the national economy that Plaintiff could perform.  (*Id.* 31-32).

Those findings are supported by substantial evidence in the record, including both medical and non-medical evidence.  Among other things, the findings are supported by the assessment of Plaintiff's treating orthopedist, Dr. Dassa, who found some motion limitations and strain in Plaintiff's spine, but no indication of disc herniation or impairment in the motor system and reflexes (*id.* 592; *see also id.* 28, 567-68, 570, 589-90); and the opinions of a consulting

3

physician, Dr. Bougakov, that Plaintiff did not have memory difficulties or a thought disorder, and that she could follow and understand simple directions and instructions (*id.* 30, 507-09). To be sure, Plaintiff herself claimed greater limitations, and her treating psychiatrist, Dr. Fruitman, also reported greater restrictions on mental functioning. (*Id.* 28-30). But the ALJ found Plaintiff's testimony not credible based on, among other things, the fact that it was not substantiated by the objective findings in the record, was inconsistent with the full range of daily activities she engaged in, and was belied by the overall conservative treatment she had received. (*Id.*). And the ALJ declined to rely on Dr. Fruitman's more restrictive findings both because they were inconsistent with other evidence in the record — namely, Dr. Bougakov's assessments — and because they were inconsistent with other findings and opinions of Dr. Fruitman himself. (*Id.* 30). Based on a review of the entire record, the Court cannot say that these conclusions were in error. *See, e.g.*, *Gates v. Astrue*, 338 Fed. App'x 46 (2d Cir. 2009); *Pidkaminy v. Astrue*, 919 F. Supp. 2d 237 (N.D.N.Y. 2013); *Harris-Batten v. Comm'r of Soc. Sec.*, No. 05 Civ. 7188 (KMK), 2012 WL 414292 (S.D.N.Y. Feb. 9, 2012); *McDonaugh v. Astrue*, 672 F. Supp. 2d 542 (S.D.N.Y. 2009); *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67 (N.D.N.Y. 2005).

## CONCLUSION

The Court has reviewed the entire record and finds that the ALJ's determination is free from legal error and supported by substantial evidence in the record. Accordingly, the Commissioner's motion for judgment on the pleadings is GRANTED, and the Complaint is dismissed in its entirety. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff, to terminate Docket No. 13, and to close the case.

SO ORDERED.

Dated: January 6, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge